# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1606013385 |
| | ) | |
| NA-QUAN LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 24, 2019
Decided:  February 1, 2019

*Upon Defendant's Third Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Upon Defendant's Motion for Appointment of Counsel*
**DENIED.**

*Upon Defendant's Motion for Transcripts*
**DENIED.**

## ORDER

Na-Quan Lewis, *pro se*, Smyrna, DE.

Albert J. Roop, IV, Esquire, State Prosecutor, Cynthia F. Hurlock, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

**WHARTON, J.**

This 1st day of February, 2019 upon consideration of Defendant's third Motion for Postconviction Relief[1] and the record in this matter, it appears to the Court that:

1.      Defendant Na-Quan Lewis ("Lewis") was originally indicted by the Grand Jury on July 5, 2016.[2] He was re-indicted on September 12, 2016 on the charges of Gang Participation, Conspiracy Second Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF") (two counts), and Possession of a Firearm by a Person Prohibited ("PFBPP") (two counts).[3] In all, 28 defendants were charged in the Re-Indictment.[4] On July, 6, 2017, Lewis pled guilty to one count of PFDCF.[5] He also admitted to violating his probation.  He was sentenced immediately to the three year minimum mandatory period of incarceration at Level 5 on the PFDCF charge with no probation to follow.[6] In exchange, State dropped the Gang Participation and Conspiracy charges, the other PFDCF charge, and two PFBPP charges.  The PFBPP charges carried minimum mandatory sentences due to

---

[1] After the Court summarily dismissed the Defendant's first motion, he submitted a document titled "Notice of Appeal of Motion for Post-Conviction Relief." In part, that motion sought to withdraw his guilty plea. The Court treated that portion of his motion as a second motion under Superior Court Rule 61, and summarily dismissed it as a successive Rule 61 motion. *See,* D.I. 95. Actually, this motion could be considered his fourth, since the Court also denied another earlier attempt to withdraw his guilty plea as a motion under Rule 61. *See,* D.I. 92.
[2] D.I. 1.
[3] D.I. 11.
[4] *Id.*
[5] D.I. 71.
[6] D.I. 74.

a prior robbery second degree conviction.[7] Lewis did not appeal his conviction and sentence to the Delaware Supreme Court.

2. On May 14, 2018, Lewis filed his first Motion for Postconviction Relief ("First Motion"), alleging ineffective assistance of counsel.[8] He did not request appointment of counsel. Lewis alleged three grounds for relief in the First Motion: 1) "Ineffective assistance of trial counsel Re: Invalid plea agreement;" 2) "Ineffective assistance of counsel Re: Abuse of discretion;" and 3) "Denial of the right of Effective [sic] assistance of counsel."[9] On May 23, Lewis filed a Motion to Amend the original Rule 61 Motion.[10] That motion merely sought to amend the Motion by adding a Memorandum of Law in Support of Rule 61 Postconviction Relief Motion ("Memorandum of Law") to the original Motion.[11] On June 1, 2018, the Court received a second Motion to Amend. This second Motion to Amend sought to add an additional argument to Lewis' Memorandum of Law claiming a violation of his right to a speedy trial.[12] Apparently Lewis had a change of heart, or perhaps he forgot that he wrote the Court a letter, postmarked July 5, 2017, the day before he entered his plea, and received by the Court on July 10th, stating in its entirety, "I would like

---

[7] *See* Immediate Sentencing Form, D.I. 71.
[8] D.I. 83.
[9] *Id.*
[10] D.I 86.
[11] *Id.*
[12] D.I. 87.

3

Natalie Woloshin to represent me again please."[13] The Court considered all of Lewis' filings in connection with his First Motion, including his Memorandum of Law, and his Amended Memorandum of Law. The Court summarily dismissed the First Motion.[14] Lewis appealed and the Supreme Court affirmed this Court's summary dismissal.[15]

3. Lewis has again moved for post-conviction relief.[16] He also seeks appointment of counsel[17] as well as transcripts.[18] In this motion ("Third Motion") Lewis repeats a number of the claims he raised in his First Motion. He gain complains of ineffective assistance of counsel and repeats issues that were previously litigated regarding his speedy trial rights.[19] He accuses the Court of misconduct because it never ordered a mental health evaluation before accepting his request to represent himself.[20] In a ground captioned "New Evidence" he claims that previous counsel failed to provide him with full Rule 16 discovery preventing him from preparing for trial causing him to enter the plea under false pretenses.[21] Finally he alleges judicial

---

[13] The letter was filed with the Prothonotary on July 10, 2017 and remains in the case file. For reasons unknown to the Court, it has not received a docket item number as of the date of this Order.
[14] *State v. Lewis,* 2018 WL 2970762 (Del. Super Ct. 2018).
[15] *Lewis v. State,* 2018 WL 6015784 (Del. 2018).
[16] D.I. 103.
[17] D.I. 104.
[18] D.I. 105.
[19] D.I. 103.
[20] *Id.*
[21] *Id.*

misconduct when the Court allowed him to represent himself and enter his plea without ordering a mental health evaluation.[22]

4.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[23] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[24]

5.      Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred, *inter alia*, for time limitations or procedural default. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[25] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the

---

[22] *Id.*
[23] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[24] *Id.*
[25] Super. Ct. Crim. R. 61(i)(1).

5

movant's case and renders the conviction ... invalid."[26] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[27] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[28]

6.    The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence[29] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[30] The bars remain applicable because the Defendant has neither claimed that the Court lacked jurisdiction, nor met the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).

7.    All of the bars to relief apply to this motion. It is untimely, having been filed more than a year after the Defendant's judgment of conviction became final. It is a successive motion, being his third (or fourth), which does not satisfy the pleading requirements of Rules 61(d)(2)(i) or (d)(2)(ii). It is subject to procedural default to the extent that it raises grounds for relief not previously asserted. To the extent that it does raise grounds for relief not previously asserted,

---

[26] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[27] Super. Ct. Crim. R. 61(i)(3).
[28] Super. Ct. Crim. R. 61(i)(4).
[29] Super. Ct. Crim. R. 61(i)(5).
[30] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

the Defendant has failed to show cause for relief from the procedural default and prejudice from a violation of his rights. Finally, it raises issues that were formerly adjudicated related to his speedy trial rights and his self-representation, again without meeting the requirements of Rules 61(d)(2)(i) or (d)(2)(ii).

8. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[31] Here, it is plain to the Court from the Third Motion and the record in this case that Lewis is not entitled to relief.

Therefore, since it plainly appears from Motion for Postconviction Relief and the record in this case that Lewis is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.** It follows then that his Motion for Appointment of Counsel must be **DENIED.** His Motion for Transcripts is similarly **DENIED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

oc:  Prothonotary
cc:  Investigative Services

---

[31] Super. Ct. Crim. R. 61(d)(5).